ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
RUSSELL W. CHITTENDEN
Assistant United States Attorney
California State Bar Number: 112613
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2444
    Facsimile: (213) 894-7819
    Email: russell.chittenden@usdoj.gov

Attorneys for Defendant

LAWRANCE A. BOHM (SBN 208716)
Lbohm@bohmlaw.com
MARIA E. MINNEY (SBN 289131)
maria@bohmlaw.com
BOHM LAW GROUP
4600 Northgate Blvd, Suite 210
Sacramento, CA 95834
Phone (916) 927-5574
Fax (916) 927-2046

SHANNON M. FOLEY, (SBN 125420)
lawfoley@aol.com
RICHARD W. LYMAN, JR., (SBN 54013)
rlyman@foleylymanlaw.com
FOLEY LYMAN LAW GROUP LLP
1500 Rosecrans Ave., Suite 500
Manhattan Beach, CA 90266
Phone (310) 706-4050
Fax (310) 356-3105

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JASMINE BOWERS, M.D., | No. CV 12-09362 SVW (SHx) |
| Plaintiff, | PROTECTIVE ORDER |
| v. | Judge: Hon. Stephen J. Hillman |
| ERIC SHINSEKI, Secretary, Department of Veterans Affairs, Agency, | Complaint Filed: October 31, 2012<br>Trial Date: September 10, 2013 |
| Defendant. | |

Pursuant to the parties' Stipulation Re Protective Order (the "Stipulation"),

and for the purpose of protecting disclosure of information which might violate the Privacy Act of 1974, 5 U.S.C. § 552(a) (1976) and/or the Health Insurance Portability and Accountability Act and the Privacy Act, and in furtherance of the provisions of those Acts, it is hereby ORDERED as follows:

1. This Protective Order applies to, governs and directs the disclosure of information obtained from the records (the "Protected VA Documents") of Defendant VA.

2. This Protective Order applies to, governs and directs the disclosure of Plaintiff's medical records, including psychiatric records, obtained from Plaintiff, or from any health care providers (the "Protected Medical Records").

3. This Protective Order applies to, governs and directs the disclosure of Plaintiff's financial records obtained from Plaintiff, or from Plaintiff's expert (the "Protected Financial Records").

4. Both parties and their respective counsel agree not to disclose any covered information they obtain from the Protected VA Records, Protected Medical Records, and Protected Financial Records (hereinafter collectively "Protected Records").

5. Both parties, and their counsel and their employees and agents agree not to disclose any information obtained from the Protected Records to any person, group or entity, other than as set forth herein:

    a. Counsel of record for the parties;

    b. Expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of this Protective Order and shall execute the "Agreement to be Bound by Protective Order," attached to the Stipulation as Exhibit A; and

    c. Non-expert witnesses to this action, but only to the extent that

disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of this Protective Order and shall execute the "Agreement to be Bound by Protective Order," attached to the Stipulation as <u>Exhibit A</u>. Said non-expert witnesses shall be permitted to review the Protected Records in the presence of counsel, but shall not be given a copy of the documents to retain.

6. No person shall make a copy of any of the Protected Records unless copying is necessary for the litigation and representation of the parties' claims. When copies are made, they shall only be made at the direction of the parties and/or their respective counsel and/or related employees that are actively assisting in the litigation of this action.

7. Any such Protected Records used in a pleading or exhibit shall be placed under seal in compliance with Local Rule 79-5.4. No further Protective Order shall be required when filing the Protected Records with the Court other than this Protective Order as entered by the Court.

8. Upon conclusion of this litigation (including appeals), all copies of the Protected Records (except copies of documents accepted into evidence) disclosed pursuant to and protected by the terms of this Protective Order shall either be returned within sixty (60) days to the producing party or shall be kept securely in counsel's confidential case files until destroyed or returned to the producing party.

9. The provisions of this Protective Order insofar as they restrict the communication about and use of the Protected Records shall, without written permission from either party or further order of the Court, continue to be binding after the conclusion of this litigation, as set forth herein.

10. Any violation of this Protective Order may be subject to appropriate sanctions.

11. This Protective Order is not indented to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any

other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

12. Nothing in this Protective Order shall prohibit a party from seeking further protection of the Protected Records by stipulation among the parties, approved by the Court, or by application to the Court directly.

13. Nothing in this Protective Order constitutes a waiver of either party's right to use, disclose or disseminate their own documents produced hereunder in accordance with the provisions of the Privacy Act, and any applicable statutory/regulatory provisions.

DATED: July 29, 2013

_____
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
RUSSELL W. CHITTENDEN
Assistant United States Attorney
Attorneys for Defendant,
ERIC SHINSEKI, Secretary,
Department of Veterans Affairs

_____
Lawrance A. Bohm
Maria E. Minney
BOHM LAW GROUP

Shannon Foley
FOLEY LYMAN LAW GROUP LLP

Attorneys for Plaintiff


ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN

-4-

Assistant United States Attorney
Chief, Civil Division
RUSSELL W. CHITTENDEN
Assistant United States Attorney
California Bar Number: 112613
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2444
    Facsimile: (213) 894-7819
    russell.chittenden@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JASMINE BOWERS, M.D., <br>     Plaintiff, <br>     v. <br> ERIC SHINSEKI, Secretary, Department of Veterans Affairs, <br>     Defendant. | No. CV 12-09362 SVW (SHx) <br><br> <u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u> |

The undersigned, having read and fully understood the terms of the Protective Order regarding the ("the Protected VA Documents") entered by the Court in the above-captioned action, hereby agrees to be bound thereby. The undersigned agrees that the Protected VA Documents shall be used only for the purpose of this litigation, and not for any other purpose whatsoever. The undersigned agrees not to disseminate or disclose the Protected VA Documents, or contents thereof, unless otherwise requested by subpoena or court order. If an original or reproduction of any of the above documents has been provided to the undersigned pursuant to the Protective Order, they shall be returned by the undersigned within 10 days to counsel requesting the return of said documents or within 10 days of the conclusion of any work performed by the undersigned in this litigation.

1  DATED:

2                                                            _____

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  DATED: